955 F.2d 43
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theresa Dawn ROGERS, Defendant-Appellant.
 No. 91-5038.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 31, 1991.
Decided Feb. 24, 1992.
As Amended March 23, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M.J. Garbis, District Judge. (CR-91-11-MJG)
 Fred Warren Bennett, Federal Public Defender, Denise Benvenga, Baltimore, Md., for appellant.
 Richard D. Bennett, United States Attorney, Ira L. Oring, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before ERVIN, Chief Judge, HAMILTON, Circuit Judge, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Theresa Dawn Rogers pleaded guilty to one count of conspiracy to commit bank larceny in violation of 18 U.S.C. § 371 (1988). Pursuant to a plea agreement, the court ordered that Rogers and a co-defendant, Fitzpatrick, pay the bank $30,936.00 in restitution. Because we find that the court did not make the necessary findings of fact in its application of the Victim and Witness Protection Act, 18 U.S.C.A. § 3663 (West 1988 & Supp.1991), we vacate the court's order and remand for proceedings in accord with this opinion.*
 
 
 2
 Rogers and two accomplices stole $30,936.00 from a Maryland bank. Rogers was sentenced to two months imprisonment (with the second month in community confinement), three years supervised release, restitution of the entire amount of money stolen, and a special assessment of $50.00. At sentencing, there was dispute over Rogers' net monthly cash flow and her ability to pay the full restitution. Rogers disputed the net income figure calculated in her pre-sentence report, $484.96 per month. She asserted that her income was only $300.00 to $320.00 per month. The report also noted that because Rogers lived with her parents at no cost, her cash flow "would readily decrease should [she] change her living arrangements."
 
 
 3
 The court ordered Rogers and Fitzpatrick to pay the entire restitution amount, and left it to the probation officer to determine how the restitution should be allocated between the two defendants. In addressing Fitzpatrick during the same sentencing hearing, the court commented, "you two should pay restitution consistent with your ability to make such payment. The same comments apply to you. The purpose is for you to be self-sufficient, not to create a hardship on you. There should be some restitution within your means." A criminal restitution order under the Victim and Witness Protection Act should not be overturned absent an abuse of discretion. United States v. Bruchey, 810 F.2d 456, 458 (4th Cir.1987). In determining restitution, the court must consider "the amount of the loss sustained by the victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3664(a) (Supp.1991). The district court must make "explicit fact findings" on these statutory factors to facilitate appellate review. Id. Such findings of fact should be keyed to the specific type and amount of restitution ordered. Bruchey, 810 F.2d at 459.
 
 
 4
 The record is devoid of the appropriate findings. The court deferred its responsibility to make the appropriate factual findings under Bruchey to the probation officer. When Rogers' counsel argued that the court must set a reasonable restitution amount, the court responded that it had "to rely on the judgment of the probation office," and that "the probation officer should take into account your client's ability to pay something." The court later commented, "the probation office shall, with due regard to the purpose of allowing you to be self-sufficient, not impose so heavy a burden of payment on you that constitutes any hardship...." This abdication of responsibility for sentencing is improper; it is the district court's responsibility to make the Bruchey findings as to each defendant. 810 F.2d at 458.
 
 
 5
 Restitution by installment payments must be completed by the end of probation, within five years after the end of a term of imprisonment, or within five years from the date of sentencing. 18 U.S.C. § 3663(f)(2) (1988). Such limitation on the duration of installment restitution reflects the "practical necessity in limiting both the amount of restitution ordered and the period during which restitution payments are ordered to be made." Bruchey, 810 F.2d at 460 (citation omitted). In light of the dispute regarding the amount of loss sustained by the bank, see Bruchey, 810 F.2d at 459 (insurance policy may diminish loss in a bank embezzlement case), and Rogers' financial resources, needs, and earning ability, we are unable to effectively review the propriety of the district court's restitution order.
 
 
 6
 Accordingly, we vacate the district court's restitution order and remand for "explicit fact findings" on the factors outlined in § 3664(a) and for the court to determine the amount of restitution the defendant can pay in light of the Bruchey factors and in accord with 18 U.S.C. § 3663.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 This appeal was submitted for our consideration on the briefs by unopposed motion of Appellee